**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHNNY RAY CHANDLER, SR.** | : | CIVIL ACTION NO. 1:14-CV-0245 |
| | : | |
| Plaintiff | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **MS. CINDY SMITH, MR. J. DILTZ,** | : | |
| **MS. SUSANN STOVER, MR.** | : | |
| **GREGORY BAKER,** | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM**

Plaintiff Johnny Ray Chandler ("plaintiff"), a federal inmate incarcerated at the United States Penitentiary at Lewisburg ("USP-Lewisburg"), initiated this Bivens[1] action on February 12, 2014, seeking to proceed *in forma pauperis*.[2] (Doc. 1). He is a prolific filer who is subject to the three strikes provision set forth in 28 U.S.C. § 1915(g). See Ibrahim v. District of Columbia, 208 F.3d 1032 (D.C.Cir. 2000). Accordingly, he may not proceed *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he filed his complaint. Abdul–Akbar v. McKelvie, 239 F.3d 307, 310–11 (3d Cir. 2001) (*en banc*).

On April 10, 2014, plaintiff was conditionally granted *in forma pauperis* status. (Doc. 16). At that time, the matter of Chandler v. Baker, Civil No. 1:14-CV-

---

[1] See Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971) (holding that there exists an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights).

[2] Plaintiff is also known as Jibril L. Ibrahim and Grant Anderson. See Ibrahim v. District of Columbia, 208 F.3d 1032 (D.C.Cir. 2000).

0668, was consolidated with this action. (Id.) Plaintiff was afforded the opportunity to amend his complaint to join the allegations of the two actions and was cautioned that the inclusion of separate unrelated claims would be considered a failure to comply with an order of court. (Id.) On May 5, 2014, he filed a non-compliant amended complaint which the court struck on May 13, 2014. (Doc. 22). He was afforded a second opportunity to file an amended complaint and was notified that the failure to do so would result in the matter proceeding on the original complaints filed in this action and Chandler v. Baker, Civil No. 1:14-CV-0668. (Id.) No amended complaint has been filed. The court previously directed the Clerk of Court to consolidate the original complaints. (Doc. 25). Review of the consolidated complaint (Doc. 26) has been undertaken and, as set forth in detail below, only those claims that satisfy the imminent danger exception to 28 U.S.C. § 1915(g) will be allowed to proceed.

I.     **Allegations of the Complaints**

In his first claim, plaintiff alleges that the dental hygienist at USP-Lewisburg, Cindy Smith ("Smith"), violated his Eighth Amendment rights in that she has been deliberately indifferent to his serious medical needs. (Doc. 26, at pp. 2-3). Specifically, he alleges that he has been waiting more than six months for defendant Smith to clean his teeth, fill the cavities in his three remaining "jaw teeth," and fit him for upper and lower partial dental plates. (Id. at p. 3). He states that his inability to properly chew his food has caused him to choke on his food and has resulted in serious heartburn and indigestion. (Id.)

The second claim is brought against Counselor J. Diltz ("Diltz").  (Doc. 26, at p.5).  Plaintiff alleges that Diltz denied him grievance forms which, in turn, denied him access to the courts and to the institutional grievance procedure.  (Id.)

In his third claim plaintiff alleges that on January 30, 2014, he forwarded a marriage proposal to Unit Manager Susann Stover ("Stover"), but, rather than responding to the proposal, Stover issued him an incident report charging him with a violation of Code 206, making a sexual proposal.  (Doc. 26, at p. 7).  Plaintiff alleges that the marriage proposal is covered by the First Amendment and that the issuance of the incident report violated his Freedom of Speech and Freedom of Choice.  (Id. at p. 8).

Finally, he alleges that defendant Gregory K. Baker, Chief Dental Officer at USP-Lewisburg, violated his Eighth Amendment rights when he failed to provide him with dental treatment.  (Doc. 26, at p. 14). Plaintiff is sixty years old and is missing all but three of his "jaw teeth."  (Id.)  He states that the denial of dental treatment has resulted in the development of cavities in his three remaining teeth.  (Id.)  He is seeking immediate treatment for the cavities and a fitting for upper and lower partial dental plates.  (Id. at p. 15).

**II.    Discussion**

Pursuant to 28 U.S.C. § 1915(g), a prisoner, who on three or more prior occasions has filed an action or appeal in federal court that was subsequently dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied in forma pauperis status unless he is in imminent

danger of serious physical injury. Abdul–Akbar, 239 F.3d at 310–11. Plaintiff has had three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim. See Ibrahim v. District of Columbia, 208 F.3d 1032 (D.C.Cir. 2000). Accordingly, he may not proceed *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he filed the instant matter.

Allegations of imminent danger must be evaluated in accordance with the liberal pleading standard applicable to *pro se* litigants, although the Court need not credit "fantastic or delusional" allegations that "rise to the level of irrational or wholly incredible." Gibbs v. Cross, 160 F.3d 962, 966–67 (3d Cir. 1998) (quotations omitted). A prisoner need not allege an "existing serious physical injury" to qualify for the exception to the "three strikes" provision. Id. at 967. "It is sufficient that the condition [alleged] poses an imminent danger of serious physical injury." Id.; see also Abdul–Akbar, 239 F.3d at 315.

The Fourteenth Amendment claim against defendants Diltz and the First Amendment claim against Stover, do not include allegations that plaintiff "is under imminent serious physical injury," 28 U.S.C. § 1915(g), or that a threat of danger is real and proximate, Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (*en banc*) (finding that the plaintiff must allege facts showing that he was in imminent danger at the time the complaint was filed and that allegations that he faced imminent danger in the past are insufficient to trigger the exception to section 1915(g)); Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002) (concluding that the "imminent danger" exception is available "for genuine emergencies," where "time

is pressing" and "a threat . . . is real and proximate"). Consequently, these claims fail to meet the imminent danger exception to section 1915(g) and will be stricken without prejudice.

Conversely, prisoners have satisfied the imminent danger exception when they have raised specific allegations that prison officials were failing to treat a serious medical condition that was causing, or had the potential to cause, serious physical harm. See, e.g., Ibrahim v. Dist. of Columbia, 463 F.3d 3, 6–7 (D.C.Cir. 2006) (finding that plaintiff was in imminent danger when he described in detail denial of medical treatment and when he showed that continued failure to treat his condition could lead to liver damage and possibly death); Williams v. Forte, 135 F. App'x 520, 521 (3d Cir. 2005) (*per curiam*) (finding that inmate was in imminent danger of serious physical injury when he alleged "a lack of medical treatment over time for a terminal disease and a urinary tract infection and/or a sexually transmitted disease that put him in 'serious pain' at the time he filed his Complaint and at present"). Plaintiff's Eighth Amendment claim that defendants Smith and Baker failed to provide him with dental care satisfies the imminent danger exception to section 1915(g) and will proceed.

**III.**     **<u>Conclusion</u>**

Based on the foregoing, plaintiff's deliberate indifference to his serious medical needs claim against defendants Smith and Baker will proceed. The claims against defendant Diltz and Stover will be stricken without prejudice.

An appropriate order will issue.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:     June 24, 2014