IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHNNY RAY CHANDLER, SR.,** | : | **CIVIL NO. 1:14-CV-0245** |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| v. | : | |
| **MS. CINDY SMITH, MR. GREGORY BAKER,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Johnny Ray Chandler , Sr. ("Chandler"), an inmate presently incarcerated at the United States Penitentiary at Lewisburg, Pennsylvania, initiated this civil rights action on February 12, 2014.  (Doc. 1).  On June 23, 2014, this action was consolidated with <u>Chandler v. Baker</u>, Civil No. 14-CV-0668.  (Doc. 25).  The matter is proceeding *via* the consolidated complaint against defendants G. Keith Baker ("Baker") and Cindy Smith ("Smith").[1]  (Doc. 26).  Therein, Chandler alleges that he has been denied dental care for more than six months and that he is in imminent danger of serious physical injury because he does not have any "jaw teeth" and is unable to properly chew his food.  (<u>Id.</u> at pp. 2-3).

---

[1] The court previously dismissed claims lodged against two additional defendants, Mr. J. Diltz and Ms. Susan Stover, pursuant to 28 U.S.C. § 1915(g). (Docs. 27-28).

Presently ripe for disposition is defendants' motion (Doc. 62) to dismiss and, alternatively, for summary judgment. For the reasons that set forth below, the motion for summary judgment will be deemed unopposed and granted.

I.  **Relevant Procedural Background**

On October 6, 2014, defendants filed a motion (Doc. 62) to dismiss and, alternatively, for summary judgment. The statement of material facts and supporting exhibits (Doc. 70) and supporting brief (Doc. 69) were filed on October 27, 2014. On November 3, 2014, Chandler was notified that he had until November 17, 2014, to file a brief in response to the motion and to respond to defendants' statements of material facts. (Doc. 71). He was also informed that failure to timely file a statement of material facts would result in defendants' statements of material facts being deemed admitted. (Id. at ¶ 3(b), citing L.R. 56.1).[2] The time period for filing an opposition brief and statement of material facts has expired and Chandler has failed to file the requisite documents or seek an enlargement of time to do so. Consequently, the motion is deemed unopposed.

---

[2] "A motion for summary judgment filed pursuant to FED. R. CIV. P. 56 shall be accompanied by a separate, short and concise statement of the material facts . . . as to which the moving party contends there is no genuine issue to be tried." See L.R. 56.1. The opposing party shall file a separate statement of the material facts as to which it is contended that there exists a genuine issue to be tried. Id. "All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party." Id.

**II.     Standard of Review**

Through summary adjudication the court may dispose of those claims that do not present a "genuine issue as to any material fact" and for which a jury trial would be an empty and unnecessary formality.  See FED. R. CIV. P. 56(c).  The burden of proof is upon the non-moving party to come forth with "affirmative evidence, beyond the allegations of the pleadings," in support of its right to relief.  Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004); FED. R. CIV. P. 56(e); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  "'The non-moving party may not simply sit back and rest on the allegations in the complaint; instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, and designate specific facts showing that there is a genuine issue for trial.'  Celotex [ ], 477 U.S. [ ] 324 [ ] (1986) (internal quotations omitted)."  Schiazza v. Zoning Hearing Bd., Fairview Twp., York County, Pa, 168 F. Supp. 2d 361, 365 (M.D. Pa. 2001).  This evidence must be adequate, as a matter of law, to sustain a judgment in favor of the non-moving party on the claims.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-57 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-89 (1986); see also FED. R. CIV. P. 56(c), (e).  Only if this threshold is met may the cause of action proceed.  Pappas, 331 F. Supp. 2d at 315.

### III.  Statement of Material Facts

The Federal Bureau of Prisons ("BOP") has established an administrative remedy procedure through which an inmate may seek formal review of a complaint relating to any aspect of his confinement. (Doc. 70-1, at 66, citing 28 C.F.R. § 542.10 *et seq.*) Inmates first informally attempt to resolve their complaint with staff. (Id., citing § 542.13(a)). If informal resolution is unsuccessful, the inmate may then present the complaint to the warden within twenty calendar days of the events giving rise to the complaint. (Id., citing at § 542.14). If he is dissatisfied, he may pursue the complaint with the Regional Director within twenty calendar days. (Id., citing § 542.15(a)). If this response is unsatisfactory, he may pursue an appeal with the BOP's Central Office within thirty days. (Id.) This is the final level of review. (Id.)

On May 6, 2012, Chandler filed a request for administrative relief claiming that he was being denied dental treatment. (Doc. 70, ¶ 23). The request, which was identified as "Remedy ID 689059-F1," was denied by the warden on May 31, 2012, as repetitive because it had been addressed on three prior occasions. (Id. at ¶ 24). Chandler appealed to the regional director, who denied the appeal based on the following:

> A review of your appeal and dental records indicate you had multiple encounters to address your concerns. On September 1, 2011 and January 12, 2012, you had sick call encounters and were treated by the staff dental officer regarding your concerns. In addition, a prophylaxis (cleaning) was completed on May 31, 2012, by the dental hygienist.

> In order to be fair and consistent, the Dental Department provides comprehensive treatment from the national list by chronological order that they are received. You are advised to consult the dentist regarding any additional concerns. The dentist will work efficiently to provide routine care with the resources available. If you have any urgent care needs, you may utilize sick call to address your concerns.

(Id. at ¶ 29).

Thereafter, Chandler appealed to the central office. The central office denied the appeal on October 5, 2012, for the following reasons:

> Our review of this matter reveals that the Regional Director has appropriately summarized the dental care you have received and addressed your concerns appropriately. You also received fillings on two teeth on July 10, 2012.
>
> Routine dental care is provided in a fair and equitable manner. Requests for care are placed on a treatment list in the chronological order that they are received. A review of your health record reveals that you refused access to dental care on March 19, 2009. Following this refusal, you submitted a new request for dental care on March 22, 2010, and your name was placed on the routine care list accordingly. This new date should move you closer to the top of the list. Continue to watch the call-out for your name. If you have any urgent care needs or you are in pain, make a sick call appointment for evaluation.
>
> There is no evidence to substantiate your claim of being denied dental treatment. The record reflects you received dental care and treatment in accordance with evidence based standard of care and within the scope of services of the Federal Bureau of Prisons.

(Id. at ¶ 31). Chandler has not sought administrative relief with regard to his dental care since 2012. (Id. at ¶ 65).

5

**IV.** **Discussion**

Under the Prison Litigation Reform Act of 1996 (the "PLRA"), a prisoner is required to pursue all avenues of relief available within the prison's grievance system before bringing a federal civil rights action concerning prison conditions. See 42 U.S.C. § 1997e(a); Booth v. Churner, 206 F.3d 289, 291(3d Cir. 2000). It has been made clear that the exhaustion requirement is mandatory. See Williams v. Beard, 482 F.3d 637, 639 (3d Cir. 2007); see also Booth, 532 U.S. at 741 (holding that the exhaustion requirement of the PLRA applies to grievance procedures "regardless of the relief offered through administrative procedures"); Nyhuis v. Reno, 204 F.3d 65, 67 (3d Cir. 2000) (same). This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

It is undisputed that Chandler has failed to exhaust the administrative review process. Consequently, he is barred by 42 U.S.C. §1997e(a) from pursuing federal relief. Summary judgment will be entered in favor of defendants.

**VI.     Conclusion**

Based on the foregoing, defendants' motion (Doc. 62) for summary judgment will be deemed unopposed and granted.  An appropriate order will enter.

     /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:          December 29, 2014